UNITED STATES of America,
Plaintiff–Appellee,

v.

Aaron SALGADO–RANGEL, also known as Aaron Rangel–Salgado, Defendant–Appellant.

No. 05–40095.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 2, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM: *

Aaron Salgado–Rangel (Salgado) appeals the 30–month sentence imposed following his guilty-plea conviction of attempting to enter the United States without permission after having been deported, in violation of 8 U.S.C. § 1326. Salgado argues that his sentence is illegal under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it was imposed pursuant to a mandatory application of the federal Sentencing Guidelines.

The erroneous application of the Guidelines as mandatory is technically a "*Fanfan* error." *United States v. Martinez–Lugo*, 411 F.3d 597, 600 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005); *see Booker*, 125 S.Ct. at 750, 768–69. The Government concedes that Salgado preserved his *Fanfan* claim for appeal and that the issue is reviewed for harmless error. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir.2005). The Government contends that harmless

error is shown by the imposition of a "reasonable" sentence at the low end of the guidelines range. However, the Government does not carry its arduous burden of showing that the district court would not have sentenced Salgado differently under an advisory guidelines system. *See United States v. Pineiro*, 410 F.3d 282, 284–85 (5th Cir.2005); *United States v. Garza*, 429 F.3d 165, 170–71 (5th Cir.2005) (*Booker* error). We therefore we vacate the sentence and remand for resentencing in accordance with *Booker*.

Salgado also argues § 1326 is unconstitutional. As he concedes, this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." *United States v. Izaguirre–Flores*, 405 F.3d 270, 277–78 (5th Cir.) (quotation marks omitted), *cert. denied*, —— U.S. ——, 126 S.Ct. 253, 163 L.Ed.2d 231 (2005). The judgment of conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.